UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC C. HART,

    Petitioner,

v.                                             Case No. 8:05-cv-1075-T-23TBM

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## **O R D E R**

Dominic Hart's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) challenges the validity of his state conviction for robbery with a weapon and aggravated battery, for which he was sentenced to twenty-two years and fifteen years. The petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002)(district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Hart's conviction became final in March of 2001.[1] His limitations period expired one year later, in March of 2002, absent tolling pursuant to 28 U.S.C. § 2244(d)(2).

Hart represents that in December of 2002 he commenced a state Rule 3.850 motion for post-conviction relief.  However, that proceeding is of no consequence because the federal limitations period expired nine months earlier.  "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 fn.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Because the federal one-year period had already expired, the state motion for post-conviction relief did not operate to toll the federal limitations period to allow Hart to file a future federal action.

Accordingly, the petition for writ of habeas corpus is **DISMISSED** as time-barred. The motion for leave to proceed *in forma pauperis* (Doc. 3) and motion for discovery (Doc. 4) are **DENIED as moot**. The clerk shall **ENTER A JUDGMENT** against Hart and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 17, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] Hart represents that the direct appeal concluded on December 27, 2000. The conviction became final for federal statute of limitations purposes 90 days later, which represents the time allowed for filing a petition for writ of certiorari, 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec. Dept. Corr.*, 292 F.3d 1347 (11th Cir. 2002).